UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICAH ANDRUM HAYES,<br><br>      Plaintiff(s),<br><br>v.<br><br>ANDREW SAUL,<br><br>      Defendant(s). | Case No.: 2:20-cv-01660-GMN-NJK<br><br>**Order**<br><br>[Docket No. 1] |

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (Docket No. 1), and has submitted a complaint (Docket No. 1-1).[1]

## I.    Application to Proceed *In Forma Pauperis*

Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 1. The application is incomplete. In particular, the application indicates that Plaintiff is receiving social security payments, but it does not identify the amount of those payments. *See id.* at 1 (requiring the applicant to identify each source of money "and state the amount that you received and what you expect to receive in the future" (emphasis omitted)). Accordingly, the application to proceed *in forma pauperis* will be denied without prejudice.

## II.   Screening the Complaint

In the event that an application is granted to proceed *in forma pauperis*, courts will screen the complaint. *See* 28 U.S.C. § 1915(e). In the context of social security appeals, one of the pleading requirements to survive screening is a showing that the plaintiff exhausted his remedies with the Social Security Administration by, *inter alia*, receiving an adverse decision from the

---

[1] Plaintiff is proceeding without an attorney, so the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Appeals Council. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).[2] Plaintiff's complaint in this case appears to indicate that the Appeals Council has not rendered a decision. *See* Docket No. 1-1 at 3 ("An appeal was never rendered"). Indeed, it appears that the premise of Plaintiff's complaint is that he has not received such a decision. *See id.* Accordingly, it appears that the complaint fails to state a claim even were the application to proceed *in forma pauperis* complete. The Court will afford Plaintiff an opportunity to cure the above deficiency, if possible, through a further filing that attaches the Appeals Council decision or otherwise explains how the administrative remedies have been exhausted in this case.

### III.   Conclusion

Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice as being incomplete. Plaintiff must either pay the filing fee or file an amended application to proceed *in forma pauperis* no later than October 6, 2020. In addition, it does not appear that Plaintiff's complaint can survive the screening process. Plaintiff must either file an amended complaint or explain in writing why this case should not be dismissed by October 6, 2020.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED.**

IT IS SO ORDERED.

Dated: September 15, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Such a complaint must also state the nature of the plaintiff's disability and the onset date for that disability. *See id.* Such information is lacking from the complaint in this case. To the extent an amended complaint is filed, it must include this information.